IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT D. LEVELS,

                    Plaintiff,

          v.                              CASE NO. 06-3085-SAC
CORRECTIONS
CORPORATION OF AMERICA,

                    Defendant.


## MEMORANDUM AND ORDER

    This action was filed by Robert D. Levels, an inmate of the
Leavenworth Detention Center, Leavenworth, Kansas (LDC), on forms
for filing a civil rights complaint pursuant to 42 U.S.C. 1983.
An additional first page of the complaint lists Athena C. Travis
as another plaintiff in this case.  However, the complaint is not
signed by Travis, and no filing fee or motion for leave to
proceed without payment of fees has been submitted by Travis.
Consequently, Levels is the only plaintiff recognized as bringing
this action.


## CLAIM

    Plaintiff complains he has been denied visitation with his
girlfriend, Athena Travis, since her placement on probation in
the State of Missouri.  He alleges that her probation officer
said he would permit Travis to visit plaintiff if the facility
confirmed that such visitation would be allowed.  However,
officials at LDC have refused to send a letter to the probation
officer stating that Travis is allowed to visit.  It also appears
Travis has been suspended from plaintiff's visitor list.

Plaintiff seeks money damages and "immediate allowance and approval" of visitation between Travis and him.

**FILING FEE**

Plaintiff Levels has filed an Application for leave to proceed without prepayment of fees (Doc. 2). The court finds the application does not meet the statutory requirements set forth in 28 U.S.C. 1915. In particular, plaintiff has not submitted a "certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint . . . ." Plaintiff has submitted a copy of a statement of his account for the preceding 3 months only, which is not certified. The court denies this motion as moot because of the following disposition of this complaint.

**SCREENING**

Under 28 U.S.C. 1915A(a) this court "shall review" a complaint filed by a prisoner, and dismiss the complaint, or any portion of the complaint that is frivolous, fails to state a claim or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A(b). The court has reviewed the materials filed by plaintiff and finds as follows.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Under 42 U.S.C. 1997e(a) exhaustion of administrative remedies is required for all prisoner suits under any federal law

seeking redress for prison circumstances.  <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002).  Plaintiff alleges he submitted request forms and "a grievance form" asking that Travis be allowed to visit, which were denied; and that he has made "many other attempts to resolve the matter."  These allegations in the complaint are not specific enough to satisfy the exhaustion requirement.

However, plaintiff submits exhibits with his complaint which show the following.  On January 26, 2006, plaintiff wrote to a Mr. Johnston asking that Travis be allowed to continue to visit him.  On January 30, 2006, plaintiff submitted a "Prisoner Information Request" to a prison official apparently asking that Travis be allowed to visit.  The response was: "She is suspended and not allowed to visit per COS (Chief Officer of Security) Johnston."  This response was reviewed by the Warden, who ruled: "Request denied" on January 31, 2006.  On February 2, 2006, plaintiff filed a grievance asking that Travis be allowed to visit.  The response included the following "findings":

> (1) Your visitor, Ms. Travis requested CCA/LDC write a letter to her probation officer stating she is authorized to visit here.  The request was denied by the Chief of Security.  This facility is not obligated to write a letter for your girlfriend.

> (2) Ms. Travis was on your visitation list and you were receiving regular visits.  The problem began on her end.  Her probation officer requested a letter.  This facility does not and will not provide a letter to a probation officer in reference to a visitor.  Your problem and her problem is not with CCA, it's with her probation officer.

> (3) Visitation is not a right, it's a privilege.

> (4) Her name has been suspended from your list P/O Chief Johnston, which again does not matter because her

parole officer will not authorize her to visit without a letter, which CCA will not provide.

The grievance indicates plaintiff appealed, and on February 17, 2006, the Warden responded: "I agree with the grievance officer's response.   We do not generate letters to probation or parole officers . . . ."

Plaintiff attaches the "Corrections Corporation of America (CCA) Inmate Handbook" dated July 7, 2005.  Section XXX beginning on page 15 discusses Visitation.   Subsection (D) provides: "A visit may be denied or terminated if at any time there appears to be a threat to the safety, security, or orderly running of the facility."   Subsection (Q) further provides "Visitation may be denied or terminated under the following circumstances . . . (3) Reasonable suspicion exists that the security and order of the facility may be endangered by the visitor" and "(5) [a]ll visits are subject to termination upon the discretion of the on-duty Shift Supervisor or higher authority for security reasons . . . ."

The Handbook also describes the inmate grievance procedure available at the facility on pages 21-22.  At LDC, an inmate is initially required to utilize the informal resolution.   If the matter is not resolved, then the inmate may submit a formal grievance.   If the response to the grievance is not satisfactory, it may be appealed to the warden, who is to render a written decision.   The warden's decision "is final and terminates the prisoner grievance procedure."

From plaintiff's exhibits, the court finds at this juncture

4

he has made an adequate showing of exhaustion of administrative remedies.

**DEFENDANT**

The sole named defendant is "Corrections Corporation of America" (CCA), which plaintiff alleges is "employed as federal detention center." Plaintiff acknowledges that defendant CCA was not acting under color of state law. The CCA appears to be a private, for-profit corporation which, according to its handbook, operates the detention center under contract with the U.S. Marshals Service. See Peoples v. CCA Detention Centers, 422 F.3d 1090 (10th Cir. 2005); see also Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001). It follows that plaintiff's claim is not properly brought under 42 U.S.C. 1983, which provides a remedy only against an defendant acting under color of state law. Dry v. U.S., 235 F.3d 1249, 1255 (10th Cir. 2000); Belhomme v. Widnall, 127 F.3d 1214, 1217 (10th Cir. 1997)(Section 1983 is applicable only to actions by state and local entities, not by federal agents).

This court may not liberally construe this pro se complaint as one under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971)( 28 U.S.C. 1331 permits action against federal defendants based on violation of a plaintiff's constitutional rights). An action under Bivens may be brought by a federal prisoner suing for alleged civil rights violations. Correctional Services Corp. v. Malesko, 534 U.S. 61, 72 (2001)(A federal prisoner in a BOP facility alleging a constitutional deprivation

5

may bring a <u>Bivens</u> claim against the offending individual officer, subject to the defense of qualified immunity). However, the "core premise" of <u>Bivens</u> is concerned "solely with deterring the unconstitutional acts of individual officers." <u>Peoples</u>, 422 F.3d at 1099; <u>Malesko</u>, 534 U.S. at 61. Here, plaintiff has not named any individual officer directly responsible for denying plaintiff's visitation request. Instead, he seeks money damages only against the private corporation CCA. The availability of a <u>Bivens</u> remedy against the private prison entity itself has been foreclosed by the U.S. Supreme Court. <u>Malesko</u>, 534 U.S. at 71; <u>see also FDIC v. Meyer</u>, 510 U.S. 471, 485-86 (1994). The court concludes plaintiff fails to present any jurisdictional basis for his money damages claim against the named defendant.

As a federal prisoner confined in a private institution, plaintiff might have a remedy for injunctive relief. However, this court need not determine precisely what that legal remedy is and construe this action as one proceeding thereunder, for the reason that plaintiff's claim is frivolous on its face.

**MERITS OF CLAIM**

Plaintiff does not state an adequate legal or factual basis for relief in federal court. He simply alleges he is being denied visitation with a particular person. He generally refers to the rules on visitation at the facility, but does not allege any rule has been violated[1]. In any event, the violation of a

---

[1] The visitation policy set forth in the prison handbook exhibited by plaintiff does not contain mandatory language or provide decisionmaking criteria which serve to limit the discretion of prison officials.

provision in a prison handbook, without more, would not amount to a federal constitutional claim.

The only constitutional basis plaintiff asserts for his claim is a denial of equal protection. However, he alleges no facts in support of such a claim. He does not state that other similarly situated inmates have been allowed visitation after a visitor was placed on probation.

Even if this court liberally construed plaintiff's allegations as a claim of violation of the First Amendment right to freedom of association, the facts alleged do not support granting relief. It has long and repeatedly been held that there is no constitutional right to unfettered prison visitation. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 461 (1989); Fogle v. Pierson, 435 F.3d 1252, 1263 FN7 (10th Cir. 2006); Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998); Smith v. Matthews, 793 F.Supp. 998, 1000 (D.Kan. 1992); McCray v. Sullivan, 509 F.2d 1332 (5th Cir. 1975), cert. denied, 423 U.S. 859 (1975); Walker v. Pate, 356 F.2d 502 (7th Cir.), cert. denied, 384 U.S. 966 (1966); Fennell v. Carlson, 466 F.Supp. 56, 59 (W.D. Okl. 1978). "The denial of prison access to a particular visitor 'is well within the terms of confinement ordinarily contemplated by a prison sentence'." Thompson, 490 U.S. at 461, citing Montanye v. Haymes, 427 U.S. 236, 242 (1976).

Moreover, visitation procedures and determinations are clearly within the scope of prison security, and as such are subject to the broad discretion of prison officials. Overton v. Bazzetta, 539 U.S. 126, 132 (2003); see 28 C.F.R. 540.40-52. An

inmate's visitation is also subject to prison regulation, and such regulation is valid if reasonably related to legitimate penological interests.  <u>Overton</u>, 539 U.S. at 126; <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987).  The burden is not on prison officials to prove the validity of a prison visitation decision, but on the prisoner to disprove it.  <u>Id</u>.  Plaintiff herein makes no showing that prison officials acted arbitrarily or capriciously in suspending the visitation of one particular person on his list.

Furthermore, there is no allegation of a general ban on all plaintiff's prison visitation.  Nor does plaintiff's allegation that he cannot afford to telephone his girlfriend every week for 40-minute visits amount to a showing that he has no alternative means of association with her.  He may telephone her for shorter conversations and write to her.  "Visitation alternatives need not be ideal; they need only be available."  <u>Overton</u>, 539 U.S. at 127.

The court concludes for the foregoing reasons that the complaint fails to state a claim and must be dismissed as frivolous under 28 U.S.C. 1915A.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed and all relief denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

**IT IS SO ORDERED**.

Dated this 13th day of April, 2006, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge