IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT D. LEVELS,**

                            **Plaintiff,**

        **v.**                              **CASE NO. 06-3085-SAC**

**CORRECTIONS CORPORATION OF AMERICA,**

                            **Defendant.**

**O R D E R**

This civil action was filed by Robert D. Levels, while he was an inmate of the Leavenworth Detention Center, Leavenworth, Kansas (LDC). The action was dismissed and all relief denied by Memorandum and Order entered April 13, 2006. The matter is currently before the court upon plaintiff's Motion for Extending Time for an Appeal (Doc. 5) and Notice of Appeal (Doc. 6) filed on December 11, 2006. Having considered the materials filed, the court finds the motion must be denied.

A party seeking to appeal a civil judgment must (with exceptions not applicable here) file a notice of appeal with the district court clerk, Federal Rules of Appellate Procedure (FRAP) Rule 3(a)(1), "within 30 days after the judgment or order appealed from is entered." FRAP Rule 4(a)(1)(A). The time limits set forth in Rule 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978); Senjuro v. Murray, 943 F.2d 36, 37 (10th Cir. 1991); Bishop v. Corsentino, 371 F.3d 1203, 1206 (10th Cir. 2004). If no notice of appeal is filed before

the deadline provided by Rule 4(a)(1) [or a new deadline set pursuant to Rule 4(a)(5) or (6)], the appellate Court lacks jurisdiction to hear the appeal.

Mr. Levels asserts he is entitled to have the time to file an appeal reopened based upon the following allegations. He alleges he was not informed or aware of the time frame for filing an appeal. He further alleges he eventually asked a staff member at the CCA for the address of the Court of Appeals and was given the wrong one, causing him to mistakenly send his already late papers to the 10th Judicial District Court in Pueblo, Colorado. He also states he was transferred from the CCA at Leavenworth to another holding facility in Missouri on August 2, 2006, and mail he received from the Colorado court was not forwarded. Plaintiff alleges he arrived at the United States Penitentiary, Leavenworth, Kansas, on November 3, 2006, to serve his 121-month sentence. He observes he now has access to a law library and can better research his claims, and that he has "new evidence" on his allegations against the defendants.

"The power of the federal courts" to extend the deadlines in Rule 4 is "severely circumscribed." See Endicott Johnson Corp. v. Liberty Mut. Ins. Co., 116 F.3d 53, 56 (2d Cir. 1997). In most civil cases, there are only two potential methods for doing so. FRAP Rule 4(a)(6) allows district courts to "reopen the time to file an appeal" if it finds among other things that a party did not receive timely notice that the judgment had been entered[1]. Lack of

---

[1]

FRAP 4(a)(6) provides:

2

notice of the judgment is not alleged in this case, so this provision in inapplicable.

FRAP Rule 4(a)(5) allows the district court to "extend the time to file a notice of appeal" if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." Plaintiff's motion seeking an extension of time to file an appeal was not submitted within the unambiguous time parameters set out in FRAP Rule 4(a)(5): the 30-day grace period following the 30-day appeal period, or 60 days from entry of judgment. See Oda v. Transcon Lines Corp., 650 F.2d 231, 233 (10th Cir. 1981); Mayfield v. USPC, 647 F.2d 1053, 1055 (10th Cir. 1980)(failure to make motion before end of 30-day grace period extinguishes plaintiff's right to appeal beyond revival by either Circuit or district court). The 30-

---

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Id.

The facts alleged by movant do not establish that "the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed within 21 days after entry." The court's docket contains no indication that the copy of the judgment sent to Mr. Levels at the CCA in Leavenworth was returned to the court as undeliverable. Moreover, plaintiff alleges he was not transferred from Leavenworth until August 2, 2006. Thus, it is safe to presume he received the notice of judgment in April, 2006, over 3 months prior to his leaving the Leavenworth CCA. Consequently, this court could not find that the condition in subsection (A) of Rule 4(a)(6) is satisfied.

day grace period for filing a motion to extend time to file a notice of appeal expired in this case on or about June 13, 2006.  Even if plaintiff's lack of awareness of the appeal time amounted to "excusable neglect," which it does not[2], this court simply has no authority to grant an extension in this case because the 30-day grace period elapsed without the filing of a motion for extension.  FRAP Rule 4(a)(5)(A)(i); see Bishop, 371 F.3d at 206 (district court may extend time if party moves for extension no later than 30 days after the appeal time has expired); Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir.), cert. denied, 531 U.S. 929 (2000)(Rule requires a 4(a)(5) motion to be filed within thirty days of the last day for filing a timely notice of appeal.").

In sum, this court finds plaintiff is precluded from obtaining an order granting an extension of time to file a notice of appeal in this case as he was required to make the motion no later than 30 days after the time to appeal had expired.

Plaintiff was denied leave to proceed in forma pauperis in this action.  He has not submitted a motion for leave to proceed in forma pauperis on appeal with a certified statement of his inmate account as required by statute.  Thus, this court does not grant leave to appeal without prepayment of fees herein.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's Motion

---

[2]

The Supreme Court has specifically observed that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect'." Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 392 (1993); United States v. Torres, 372 F.3d 1259, 1163 (10th Cir. 2004), *quoting* id.

4

for Extending Time for an Appeal (Doc. 5) is denied.

**IT IS SO ORDERED.**

Dated this 22nd day of December, 2006, at Topeka, Kansas.


<u>s/Sam A. Crow</u>
U. S. Senior District Judge

5